IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Per-Co. Ltd., *et al.*,  Case No. 3:06CV979

    Plaintiffs,

v.  ORDER

Great Lakes Factors, Inc., *et al.*,

    Defendants.

This is an adversarial proceeding in coordination with a bankruptcy action. Plaintiffs Per-Co. Ltd., *et al.* (Per-Co, collectively) brought suit against Great Lakes Factors, Inc. (Factors), Great Lakes Funding Ltd., Inc. (Funding), and Peoples Bank (the Bank) for a declaratory judgment that Factors is not the alter ego of Funding.

Jurisdiction exists under 28 U.S.C. § 1331.

Pending now is this court's order to Factors' Trustee, John N. Graham, to "show cause . . . why he should not be bound to prior decisions by the parties and/or the bankruptcy court following his voluntary withdrawal [from active litigation in this case]."

**Background**

Funding is in the business of buying accounts receivable from creditors and then attempting to collect on those accounts from the debtors. Beginning in 1999, and through the spring of 2002, the Bank loaned Funding approximately $5 million. Subsequently, however, the Bank was unwilling to extend Funding any further credit, nor to renew any of its earlier loans to Funding. Funding alleges that Bryan Jackson, an officer of the Bank, suggested Funding form a second entity and use it to seek alternative financing.

In late Summer, 2002, Funding took that course of action and formed Factors. That company borrowed more than $1 million from Per-Co, which it in turn used to purchase accounts receivable from Funding, giving Funding cash flow it could use to service its debts. Jackson and the Bank were allegedly aware of this.

None of this, however, averted Funding's and, as well, Factors's financial collapses. Both filed bankruptcy petitions in the Fall of 2003.

During the course of the bankruptcy proceedings, creditors brought adversary proceedings, including this one in which Per-Co, as creditors of Factors, seek a declaratory judgment that Factors is not the alter-ego of Funding. Factors's Trustee initially requested he be excused from active participation in this matter as neither he nor his principal had a direct interest. With the consent of both the plaintiff and the defendant, the Bankruptcy Judge Richard Speer granted the Trustee's motion. Judge Speer noted that the Trustee and his principal would be bound by the result of those proceedings. Adv. Pro. No. 03-03133 (Doc. 53).

On March 27, 2006, Judge Speer reassigned the case to this court. At the initial case management conference on May 1, 2006, the Trustee requested leave to participate in this action. I granted that request, but at the behest of the Bank's counsel, ordered the Trustee to show cause why he should not now be bound by certain prior decisions, made after the Trustee's withdrawal by the parties and the Bankruptcy Court. I granted leave to the Bank to specify by letter to the Trustee particular issues that it believed were binding. (Case Management Order, May 5, 2006 (Doc. 4)).

## Discussion

Specifically, the Bank requested the Trustee address: 1) the right of any party to demand a jury trial; 2) the right of any party to amend its pleadings or to add new parties; 3) the time by which the Trustee must file his list of witnesses, list of exhibits, and pre-trial memoranda; 4) the provision of additional time for the Bank and any other defendant to depose any witnesses designated by the Trustee; 5) why the Trustee should not be realigned as a party plaintiff given his apparent identity of interest with the existing plaintiffs and the fact that the Trustee's counsel fees are being paid by the principal of the existing plaintiffs; and 6) why the Trustee should not be bound by the decision of the plaintiffs not to designate an expert witness. (Bank's Letter of May 10, 2006).

With respect to the latter five issues, neither party identified any particular pleading or decision in the Bankruptcy Court allegedly binding the trustee. Both parties, moreover, seem to have explicitly agreed to abide by a "rule of reason" during this litigation. There is, accordingly, no present dispute on any of these issues demanding my attention.

The parties do, however, vigorously dispute the availability of a jury trial. The Bank contends that no right exists in this type of action and, in any event, the Trustee has waived any right he might have had by not timely asserting it. In contrast, the Trustee argues that such a right to a jury trial exists and that he has not waived that right.[1]

---

[1] Both parties reference the pending motion to consolidate this action with Case No. 3:06CV7032 and what effect it might have on the right to a jury trial. That motion became decisional June 30, 2006. This order governs only the Trustee's right to a jury trial in this action, independent of any potential future consolidation.

3

While it is possible that a right to a jury trial exists in this case,[2] "[t]he failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of trial by jury." Fed. R. Civ. P. 38(d). A party must make its demand no later than ten days after the service of the last pleading directed to a triable jury issue. Fed. R. Civ. P. 38(b).[3] Here, the Trustee made no such timely demand and, accordingly, has waived any right he might have had. "Such a waiver is complete and binding even though it may have been inadvertent and unintended." *Cook v. Cleveland State Univ.*, 13 Fed.Appx. 320, 322 (6th Cir. 2001) (unpublished disposition) (citing *Misco, Inc. v. U.S. Steel Corp.*, 784 F.2d 198, 203 (6th Cir.1986)).

## Conclusion

In light of the foregoing, it is, therefore,

ORDERED THAT the Trustee has waived any right he might have had to a jury trial in this action.

So ordered.

s/James G. Carr<br>
James G. Carr<br>
Chief Judge

---

[2] In determining whether a right to a jury trial attaches to a declaratory judgment action, courts consider what the lawsuit would have looked like had it not been brought as a declaratory judgment action. *Golden v. Kelsey-Hayes Co.*, 73 F.3d 648, 662 (6th Cir.1996) (citing *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 504 (1959)). In this case, where Per-Co is seeking a declaration that Factors is not the mere alter-ego of Funding, the gravamen of the complaint concerns, *inter alia*, potential liability for fraud claims, legal in nature. Accordingly, a jury trial right likely exists. *In re G-I Holdings, Inc.*, 380 F. Supp. 2d 469, 475-78 (D.N.J. 2005).

[3] Rule 38 was made applicable to the Bankruptcy Court through Bankruptcy Rule 9015.